IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MM&K OF ALVA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number CIV-05-553-C |
| ) | |
| WOMEN, HANDICAPPED AMERICANS ) | |
| & MINORITIES FOR BETTER ) | |
| BROADCASTING, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Now before the Court is a Motion to Dismiss filed by Defendant Brian Dodge (Dodge). Plaintiff MM&K of Alva, Inc. (MM&K), timely filed a response; thus, the motion is ripe for disposition. The Court, upon consideration of the applicable law and the litigants' submissions, now **DENIES** Dodge's Motion to Dismiss.

### BACKGROUND

KTTL 105.7 FM is a radio station located in Alva, Oklahoma. In July 2001, co-defendant Women, Handicapped, Americans & Minorities for Better Broadcasting, Inc. (WHAM) and MM&K entered into a Time Broadcast Agreement (TBA) whereby WHAM made available virtually all of KTTL's air-time and allowed MM&K to use the radio station and equipment to broadcast its selected programming. Later that same month WHAM and MM&K amended certain provisions of the TBA.

The litigants' issues began in November 2003 and continued until May 2, 2005, when WHAM, through Dodge, locked MM&K out of the KTTL broadcasting facilities. The

parties' relationship continued to deteriorate and culminated in MM&K filing suit in state court alleging breach of contract, defamation, and fraud. In its complaint, MM&K alleges that WHAM is a fictitious entity with Dodge being the real party in interest. Defendants timely removed the action to federal court. Dodge moves the Court to dismiss him from the instant action under Fed. R. Civ. P. 2(b)(6) for failure to state a claim upon which relief can be granted.

### STANDARD OF REVIEW

Rule 12(b)(6) authorizes the Court to dismiss any claim made by MM&K where it appears beyond doubt that the claim is legally insufficient; that is, MM&K can prove no set of facts sustaining the claim and entitling it to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In adjudicating Dodge's Rule 12(b)(6) motion, the Court assumes all well-pleaded facts, as opposed to conclusory allegations, in MM&K's complaint are true, views those facts in the light most favorable to it, and resolves all reasonable inferences in its favor. Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). In addition to well-pleaded facts, the Court "may review 'mere argument contained in a memorandum in opposition to dismiss' without converting the Rule 12(b)(6) motion into a motion for summary judgment." County of Santa Fe v. Pub. Serv. Co., 311 F.3d 1031, 1035 (10th Cir. 2002) (quoting Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991)). The Court may also review undisputed documents cited in the complaint which are fundamental to MM&K's claims. Id. "The Federal Rules of Civil Procedure erect a powerful presumption against rejecting [MM&K's complaint] for failure to state a claim." Auster Oil & Gas, Inc. v. Stream, 764 F.2d 381, 386 (5th Cir.1985).

Therefore, dismissal of MM&K's complaint under Rule 12(b)(6) is "a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir. 1986). The Court construes MM&K's complaint so as to do substantial justice. Fed. R. Civ. P. 8(f).

## DISCUSSION

In his motion, Dodge argues that he should be dismissed from the instant action as he is neither a party to the TBA nor obligated under the TBA to perform any function or duty; therefore, MM&K can prove no set of facts regarding his liability under the TBA and dismissal is appropriate. MM&K proffers the argument in its response that it has alleged facts in its complaint which, if proved, would render Dodge liable on any claim arising out of the TBA. MM&K's argument is persuasive.

MM&K alleges in its complaint that at the time of contracting in July 2001 WHAM was a fictitious entity and that Dodge is the real party in interest. (Compl., Dkt. No. 1, at 6, ¶¶ 1, 7.) Under Oklahoma law, Dodge may be personally liable for contracts he made on behalf of a yet unformed corporation, Tucker v. Colo. Indoor Trap Shoot, Inc., 1970 OK 124, ¶ 16, 471 P.2d 912, 918, or in the absence of a novation, Gaar, Scott & Co. v. Rogers, 1915 OK 190, ¶¶ 26-28, 148 P. 161, 164. Because the Court must accept all well-pleaded allegations of MM&K's complaint as true and draw all reasonable inferences in its favor, it is clear that Dodge may be held liable under the TBA if MM&K can prove its allegations. Therefore, dismissal at this stage of the litigation is inappropriate.

## CONCLUSION

Dodge has not shouldered the heavy burden of demonstrating that MM&K can prove no set of facts to support its claim against Dodge for breach of the TBA. Accordingly, Dodge's Motion to Dismiss (Dkt. No. 10) is **DENIED**.

IT IS SO ORDERED this 6th day of September, 2005.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge